IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 1:25CR89-1 |
| | : | |
| JASMINE HOYLE | : | |

The United States Attorney charges:

**Background**

At all times relevant to this Information:

1. JASMINE HOYLE was a resident of Guilford County, North Carolina, within the Middle District of North Carolina.

2. Harvest Focused & Consulting Services LLC ("Harvest Focused") was a company that HOYLE and Individual-1 registered with the North Carolina Secretary of State in or around August 2019. On the Articles of Organization filed with the North Carolina Secretary of State, HOYLE was listed as an organizer and Vice-President. In or around March 2021, the Articles of Organization were updated, and HOYLE was listed as the President.

3. Harvest Focused was located in High Point, North Carolina until in or around January 2023. After that, Harvest Focused was located in

Winston-Salem, North Carolina. Harvest Focused purported to provide substance abuse treatment services, including urine drug testing services.

4. The Ultimate Sacrifice ("The Ultimate Sacrifice") was a non-profit corporation that HOYLE registered with the North Carolina Secretary of State in or around August 2019. HOYLE was listed as the President and First Director.

5. The Ultimate Sacrifice was located in High Point, North Carolina until around January 2023. After that, The Ultimate Sacrifice was located in Winston-Salem, North Carolina. The Ultimate Sacrifice also purported to provide substance abuse treatment services, including urine drug testing services.

**The North Carolina Medicaid Program and Urine Drug Tests**

6. The North Carolina Medicaid Program ("Medicaid") is a state-administered health care benefit program, funded with federal and state funds, designed to provide medical assistance to low-income families and children. An individual qualified to receive this publicly funded assistance is referred to as a "recipient" or "beneficiary." For recipients, Medicaid functions like a medical insurance plan, which defrays the cost of receiving covered and medically necessary services.

7. Covered services include urine drug testing as part of substance abuse treatment. Medicaid is administered by the North Carolina Department of Health and Human Services, Division of Health Benefits ("DHB").

8. If qualified, an individual can enroll as a Medicaid beneficiary. At the time of enrollment, a beneficiary receives a unique alphanumeric code issued by the program known as a Medicaid identification number. Beneficiaries use their Medicaid identification numbers to receive covered services.

9. Medicaid beneficiaries receive services from medical practitioners (known as rendering providers) and companies (referred to as billing providers). Rendering and billing providers must obtain a federal identification number, known as a National Provider Identifier ("NPI number"). Rendering and billing providers must certify that they will only bill Medicaid for medically necessary services that were actually performed.

10. In order for a urine drug test to be covered by Medicaid, a provider laboratory was required to submit the rendering provider's NPI number, the Medicaid recipient's identifier number, dates of service, and procedure and diagnosis codes, among other information.

11. There were two main categories of urine drug tests covered by NC Medicaid: (1) presumptive urine drug tests and (2) definitive urine drug tests.

A presumptive urine drug test determines the presence or absence of a drug class in a urine sample. A definitive urine drug test identifies specific medications, illicit substances, and metabolites of these drugs in a urine sample. The reimbursement rate for definitive urine drug tests was dependent on the number of drug classes tested for, and the reimbursement rates were set forth by Medicaid.

12. The North Carolina Division of Medical Assistance ("DMA") issued a policy governing when Medicaid will reimburse providers for urine drug testing. The testing policy provides, in pertinent part, that:

 a. NC Medicaid covers drug testing when it is medically necessary and "is individualized, specific, and consistent with symptoms or confirmed diagnosis" and "not in excess of the beneficiary's needs";

 b. A presumptive drug test is medically necessary when it is deemed appropriate by a medical professional as part of the evaluation and management of a beneficiary who presents with any one of a list of physical symptoms that may indicate drug use;

 c. Drug tests for Medicaid beneficiaries diagnosed with a substance use disorder must be performed at random intervals to properly manage and monitor the beneficiary's care;

4

d. The reasons and drug testing frequency must be documented in the beneficiary's health record; and

e. The need for definitive drug testing is based on presumptive screen findings, responses to medical interventions, and treatment plan.

13. Medicaid is a "health care benefit program," as defined in Title 18, United States Code, Section 24(b).

## COUNT ONE
## (HEALTH CARE FRAUD)

14. From in or around May 2020, continuing up to and including in or around July 2024, the exact dates unknown, in the Middle District of North Carolina, and elsewhere, JASMINE HOYLE, in connection with the delivery and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined by Title 18, United States Code, Section 24(b), namely Medicaid, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, any of the money and property owned by, and under the custody and control of Medicaid.

## Purpose of the Scheme

15. It was a purpose of the scheme and artifice to defraud for JASMINE HOYLE to unlawfully enrich herself by (a) submitting, and causing the submission of, false and fraudulent claims to Medicaid on behalf of Harvest Focused and The Ultimate Sacrifice for services that were not rendered, including claims for presumptive and definitive urine drug tests, (b) receiving and obtaining the reimbursements paid by Medicaid based on the false and fraudulent claims submitted, and (c) diverting proceeds of the fraud for her personal use and benefit.

## Manner and Means

It was part of the scheme to defraud that:

16. In or around February 2021, JASMINE HOYLE submitted, and caused to be submitted, to Medicaid a provider enrollment form for Harvest Focused. In or around February 2022, JASMINE HOYLE enrolled The Ultimate Sacrifice, and caused The Ultimate Sacrifice to be enrolled, in Medicaid.

17. JASMINE HOYLE fraudulently obtained identifying information of Medicaid beneficiaries, including those beneficiaries' Medicaid identification numbers.

18. JASMINE HOYLE used the identifying information of Medicaid beneficiaries to submit, and cause to be submitted, false and fraudulent claims to Medicaid on behalf of Harvest Focused and The Ultimate Sacrifice for both presumptive and definitive urine drug tests that were not rendered and for corresponding office visits that did not occur.

19. For example, on approximately 97 occasions, from on or about August 2020 up to and including July 2022, JASMINE HOYLE fraudulently submitted, and caused to be submitted, to Medicaid claims on behalf of Harvest Focused for urine drug testing using Medicaid beneficiary S.B.'s name and Medicaid identification number.

20. On approximately 30 occasions, from on or about September 2020 up to and including July 2022, HOYLE also fraudulently submitted, and caused to be submitted, to Medicaid claims for office visits purportedly provided to S.B.

21. JASMINE HOYLE unlawfully used an NPI belonging to a nurse practitioner on the false and fraudulent claims that she submitted, or caused to be submitted, to Medicaid on behalf of Harvest Focused and The Ultimate Sacrifice.

22. As a result of such false and fraudulent claims for presumptive and definitive urine drug tests and office visits, Medicaid reimbursed Harvest

7

Focused and The Ultimate Sacrifice over $6.9 million. JASMINE HOYLE used the proceeds of the fraud on personal expenses, including the purchase of a Dodge Challenger.

## Execution

23. On or about January 5, 2022, in the Middle District of North Carolina, and elsewhere, JASMINE HOYLE, for the purpose of executing and attempting to execute the fraudulent scheme described above, knowingly and willfully submitted, and caused to be submitted, to Medicaid the following false and fraudulent claim for payment: a definitive urine drug test for beneficiary S.B. for at least twenty-two classes of substances in the amount of approximately $202.

All in violation of Title 18, United States Code, Section 1347.

## COUNT TWO
(Financial Transaction Money Laundering)

1. Paragraphs 1 through 23 are incorporated by reference as if fully set forth herein.

2. On or about November 19, 2020, in the Middle District of North Carolina and elsewhere, the defendant, JASMINE HOYLE, did knowingly engage and attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000, and which in fact, was derived from

8

specified unlawful activity, which funds in fact were derived from health care fraud, in violation of Title 18, United States Code, Section 1347, namely: the purchase of a Dodge Challenger for approximately $31,900; in violation of Title 18, United States Code, Sections 1957.

DATED: March 4, 2025.

RANDALL S. GALYON
Acting United States Attorney

*Ashley E. Ward*
BY: ASHLEY E. WAID
Assistant United States Attorney

*Daniel J. Spillman*
BY: DANIEL J. SPILLMAN
Special Assistant United States Attorney